**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| MAURINE HOWARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-0352 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

**ORDER ON STATE FARM LLOYDS'S
APPLICATION FOR ATTORNEY'S FEES AND COURT COSTS**

In the Memorandum and Opinion Setting Out Findings of Fact and Conclusions of Law (Docket No. 74) entered on October 13, 2005, this court determined that State Farm Lloyds was entitled to an award of attorney's fees and court costs on the ground that plaintiff's Texas Insurance Code and DTPA claims against State Farm Lloyds were groundless and brought in bad faith. TEX. INS. CODE ANN., art. 21.21 § 16(c) and TEX. BUS. & COMM. CODE ANN. § 17.05(c). This court also determined that State Farm Lloyds was entitled to an award of attorney's fees on the ground that plaintiff submitted affidavits in bad faith in response to State Farm's Motion for Summary Judgment on the Affirmative Defense of Concealment and Fraud. FED. R. CIV. P. 56(g).

State Farm Lloyds has submitted affidavits and records showing that its attorneys and legal assistants spent approximately 820 hours on defending plaintiff's Insurance Code and DTPA claims. These hours are broken down as follows:

- approximately 90 attorney hours on discovery;

- approximately 30 attorney hours on multiple pleadings;

- approximately 55 attorney hours on summary judgment motions;

- approximately 60 attorney hours on file preparation, case development, factual investigation and client strategy communications;

- approximately 380 attorney hours on investigation, document review and research conducted on the issues presented in State Farm Lloyds's Motion for Summary Judgment on its Affirmative Defense of Concealment and Fraud, the preparation of same and of State Farm Lloyds's Reply to Plaintiff's Response to said motion;

- approximately 40 legal assistant hours on discovery matters;

- approximately 3 legal assistant hours on pleadings;

- approximately 12 legal assistant hours on summary judgment motions;

- approximately 55 legal assistant hours on file preparation, factual investigation and client strategy communications; and

- approximately 95 legal assistant hours on investigation, document review and research conducted on the issues presented in State Farm Lloyds's Motion for Summary Judgment on its Affirmative Defense of Concealment and Fraud and in State Farm Lloyds's Reply to Plaintiff's Response to said motion.

The attorneys and legal assistants who worked on this case had varying hourly rates. State Farm Lloyds used an average hourly attorney rate of $182 and an average hourly legal assistant rate of $82 to determine the hourly rates reasonably paid by State Farm Lloyds in

defending against plaintiff's Texas Insurance Code and DTPA claims. This amount is $129,150.

State Farm Lloyds incurred approximately $14,880 in attorney and legal assistant fees in responding to the affidavits and attached exhibits submitted by plaintiff in response to State Farm Lloyds's Motion for Summary Judgment on the Affirmative Defense of Concealment and Fraud. The amount is broken down as follows:

- $182 (average hourly attorney rate) X 75 hours = $13,650
- $82 (average hourly legal assistant rate) X 15 hours = $1,230

State Farm Lloyds does not seek an additional award in this amount. Rather, this amount is already incorporated into the above sum of $129,150.

"This Circuit uses the 'lodestar method' to calculate attorneys' fees." *Riley v. City of Jackson, Mississippi*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar is computed by multiplying the reasonable number of hours by a reasonable hourly rate. *League of United Latin Amer. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The fee applicant bears the burden of proving the reasonableness of the rate and the number of hours expended. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). If appropriate, the court may adjust the lodestar upward or downward. *See Rutherford v. Harris County,* 197 F.3d 173, 192 (5th Cir. 1999) (citing *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997)). The court considers the following factors: the time and labor required; the novelty and difficulty of the questions; the skill required to perform the legal service properly; the preclusion of other employment; the customary fee for similar work in the community; whether the fee

is fixed or contingent; time limitations; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Rutherford*, 197 F.3d at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

The affidavits and records also show that State Farm Lloyds reasonably incurred total costs of $30,703.34 in defending the lawsuit brought by plaintiff and in pursuing the counterclaim. Of this amount, 40%, or $12,281.34, represents the reasonable and necessary court costs incurred in defending against plaintiff's Insurance Code and DTPA claims and in pursuing State Farm Lloyds's counterclaim against plaintiff. Both the number of hours and the hourly rates are reasonable and supported in this record.

State Farm Lloyds's Application for Attorney's Fees and Costs is granted. Plaintiff Maurine Howard is ordered to pay defendant State Farm Lloyds $129,150.00 in attorney's fees and $12,281.34 in costs of court.

SIGNED on November 16, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge